# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-3779

———————

United States of America,

        Appellee,

    v.

Adrian Davis,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*  [UNPUBLISHED]
\*

———————

Submitted: October 7, 2009
Filed: November 4, 2009

———————

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

    In this direct criminal appeal, Adrian Davis challenges the district court's[1] judgment entered upon a jury verdict finding him guilty of conspiring to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) and 846; distributing cocaine base on one occasion, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and distributing in excess of 5 grams of cocaine base on three separate occasions, all in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). Davis's counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967),

———————

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

challenging the sufficiency of the evidence and seeking permission to withdraw. For the reasons that follow, we affirm.

Davis was tried in June 2007 with codefendants Joseph Rainey and Marvin Anthony. The evidence included the testimony of three other cooperating codefendants who admitted their own participation and that of their cohorts in the purchasing and selling of cocaine base over an extended period of time. The evidence also included the testimony of a number of law enforcement officials who had conducted surveillance, made controlled buys, and analyzed the substances that were bought or seized. This evidence, along with the parties' stipulations that various quantities of cocaine base had been purchased or seized on various dates between 2004 and 2006, established that (1) there was a conspiracy or an agreement to distribute cocaine base, (2) Davis knew of the agreement, and (3) he intentionally joined the conspiracy. It also amply supported Davis's convictions for distributing cocaine base on the dates charges in the indictment. See United States v. Hernandez, 569 F.3d 893, 896 (8th Cir. 2009) (elements of conspiracy and distribution offenses); United States v. Molsbarger, 551 F.3d 809, 812 (8th Cir.) (standard of review; verdict will be upheld if there is any interpretation of evidence that could lead reasonable-minded jury to find defendant guilty beyond reasonable doubt), cert. denied, 129 S. Ct. 2168 (2009). We therefore conclude that the evidence was sufficient to support the jury's verdict.

Following our independent review of the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), including Davis's citation under Fed. R. Civ. P. 28(j), we have found no nonfrivolous issues. Accordingly, we affirm the judgment of the district court. We also grant counsel's motion to withdraw on condition that counsel inform Davis about the procedures for filing petitions for rehearing and for certiorari, and we deny Davis's pro se motion for newly appointed counsel.

_____